NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

In re:                                                                                    Bankruptcy Case No. 16-20484

Richard A. Belotti,                                                                Chapter 7

       Debtor.

---------------------------------------------------------------X

Andrea Dobin, Trustee,

       Plaintiff,

vs.                                                                                        Adversary No. 16-1670

Gail Cook,

       Defendant/Third Party Plaintiff,

vs.

Lafayette General Title Agency, Inc.,

       Third Party Defendant/Cross-Claimant,

vs.                                                                                        **MEMORANDUM OPINION**

Stewart Title Guaranty Company and
Robert Lamb, Esq.,

       Third Party Defendants.

---------------------------------------------------------------X

**APPEARANCES**

Attorney for Plaintiff
Andrea Dobin, Esquire
Trenk DiPasquale, et al.
427 Riverview Plaza
Trenton, New Jersey 08611

<u>Attorney for Defendant/Third Party Plaintiff</u>
John M. Mills, III, Esquire
Mills & Mills
One Western Avenue
Morristown, New Jersey 07960

<u>Attorney for Lafayette General Title Agency, Inc.</u>
Nathan M. Buchter, Esquire
Timothy J. Bloh, Esquire
Fox Rothschild LLP
1301 Atlantic Avenue - Midtown Building, Suite 400
Atlantic City, New Jersey 08401

<u>Attorney for Stewart Title Guaranty Company</u>
Michael D. Mezzacca, Esquire
Bourne Noll & Kenyon
382 Springfield Avenue - Suite 507
Summit, New Jersey 07901

<u>Attorney for Robert Lamb</u>
Jason Scott Feinstein, Esquire
Eckert Seamans Cherin & Mellott, LLC
2000 Lenox Drive - Suite 203
Lawrenceville, New Jersey 08648

The Chapter 7 trustee filed a complaint against Gail Cook to determine the extent, validity and priority of liens. The first count seeks a declaratory judgment finding the mortgage on 471C Thornbury Court in Lakewood to be null and void. The second count seeks to avoid the mortgage pursuant to 544(a)(3) of the Bankruptcy Code. Gail Cook filed a third-party complaint against Lafayette General Title Agency, Inc. and later amended her third-party complaint to add Stewart Title Guaranty Co. and Robert Lamb, Esq. The third-party defendants filed cross-claims against one another alleging various theories for contribution and indemnification. The Trustee moves for summary judgment on both counts of the complaint. Robert Lamb filed opposition to the Trustee's motion and Stewart Title, Lafayette Title, and Gail Cook filed cross-motions for summary judgment. The parties have not moved for summary judgment on any of the cross-claims. The court took oral argument on February 14, 2017, and reserved decision.

Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A court analyzing a summary judgment motion must view the facts "in the light most favorable to the nonmoving party."[1] After the movant shows that there is no genuine issue for trial, the non-moving party then bears the burden of identifying evidence that creates a genuine dispute regarding material facts[2]. To be material, a fact must have the potential to alter the outcome of the case.[3] Disputes over non-essential facts will not preclude a grant of summary judgment.[4]

Robert Lamb argues that summary judgment must be denied because there is a factual dispute as to whether the trustee qualifies as a bona fide purchaser. While the bona fide

---

[1] *Scott v. Harris*, 550 U.S. 372, 380 (2007)
[2] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
[3] *Kaucher v. County of Bucks*, 455 F.3d 418 (3d Cir. 2006)
[4] *NAACP v. North Hudson Regional Fire & Rescue*, 665 F.3d 464 (3d Cir. 2011)

purchaser determination is inarguably material to this motion, the court disagrees that there is a factual dispute. The parties agree as to all the salient facts; they merely disagree about the legal significance of those facts. Therefore, the court finds that summary judgment is appropriate.

Although each of the defendants presents slightly different variations, the essential argument is that the transposing of the names of the lender and the borrower on the Mortgage was nothing more than simple scrivener's error and this court should, as a matter of equity, fix that error. In other words, the court should not let form prevail over substance. While that argument has superficial appeal, the difficulty is that the argument gives insufficient weight to the importance of the bankruptcy filing in this case. At any time prior to the bankruptcy filing, it would have been a simple matter for one of the defendants to seek reformation of the Mortgage. Prior to the bankruptcy filing, equity was firmly on Gail Cook's side. Once a bankruptcy petition is filed, however, there is a seismic shift in equities and priorities. In bankruptcy, it is not equitable to favor one creditor over another and a trustee has a duty to use all the tools available in the Bankruptcy Code to maximize the assets available to all creditors and distribute funds according to the priorities established in the Code. That is precisely what this Trustee was seeking to do by filing this complaint, there was nothing untoward as suggested in some of the papers.

Based on the equities that pertain in a bankruptcy case, this court declines to "fix" the mortgage as requested by the defendants. To correct the mortgage at this juncture would require imposing an equitable mortgage or constructive trust in favor of Gail Cook. Courts are strongly cautioned against imposing such a remedy post-petition because it undermines the priority scheme outlined in the Bankruptcy Code.[5] More importantly, any equitable mortgage imposed by

---

[5] *See, e.g., In re Taggart*, 2013 WL 392452 (Bankr D.N.J. 2013) (noting that the greatest caution should be exercised before a bankruptcy court attempts to impose a trust post-petition)

this court would potentially be subject to avoidance under § 544(a)(3) if the court found that the trustee qualified as a bona fide purchaser.[6] So, the issue of whether Gail Cook as a valid security interest rises and falls on whether the Mortgage, as written, is enforceable under New Jersey law.

Count One – Declaratory Judgment

The Trustee argues that the Mortgage is unenforceable under New Jersey's statute of frauds because one of the requirements for a conveyance of an interest in real estate is a writing that identifies the transferor and transferee.[7] The Trustee acknowledges that both parties were identified in the Mortgage, but argues that because the names were transposed in one part of the Mortgage that it did not identify the "true" borrower and lender thus the Mortgage is void and unforeceable from its inception. The court notes that Trustee did not cite to a single New Jersey case in which a mortgage in which the names were transposed in the recital section was found to violate the statue of frauds, and the court's own research has not uncovered such a case. Perhaps that is not surprising, because a review of the case law reveals that courts strain to find that a sufficient writing exists whenever it would further the intentions of the parties and comport with equity. As far back as 1872, the highest court in New Jersey found that to satisfy the statue of frauds the essential terms of a bargain may be gleaned from two or more separate documents as long as the signed memorandum refers to the other writing.[8] That approach has been carried forward in more modern cases. In discussing New Jersey's statute of frauds, the Chancery Court observed:

> It is now elementary that a complete contract, obligatory under the statute, may be gathered from letters, writings and other documentary evidence existing between the parties, relating to the subject matter and substantive terms, where

---

[6] *In re Bridge*, 18 F.3d 195 (3d Cir. 1994)
[7] *N.J.S.A.* 25:1-11(a)(1)
[8] *Johnson & Miller v. Buck*, 35 N.J.L. 338 (1872)

5

the writings are so interrelated that they may be fairly considered to constitute collectively the material and essential elements of a final bargain.[9]

Such an approach is logical, because the writing requirement is a fraud prevention device designed to prevent perjury. As such, it is intended to be a shield rather than a sword.[10] Here, the party sought to be charged with the Mortgage – Richard Belotti – is not denying the existence of the transaction. Nor could he successfully deny the existence of the Mortgage on these facts. The signature section of the Mortgage[11] states: "I agree to the terms of this Mortgage." Immediately below those words appears Richard Belotti's signature above his typed name. Mr. Belotti's signature is then properly witnessed. When the fact that Mr. Belotti's signature appears in the space for a borrower's signature is considered in conjunction with the fact that Mr. Belotti's address in the Mortgage is stated as "whose address *is about to be* 471-C Thornbury Court, Lakewood, NJ 08701" (which is the mortgaged premises) the only rationale conclusion is that Mr. Belotti and not Ms. Cook was the borrower. Read as a whole, the court finds that the Mortgage sufficiently identifies the borrower and lender so as to satisfy *N.J.S.A*. 25:1-11(a)(1).

Even if the court were to accept the Trustee's position that the Mortgage failed to satisfy *N.J.S.A*. 25:1-11(a)(1), that is not the last word on the enforceability of a document intended to convey an interest in real property. The statue also recognizes a transaction as effective if:

> The transferor has placed the transferee in possession of the real estate as a result of the transaction and the transferee has paid all or part of the consideration for the transfer or has reasonably relied on the effectiveness of the transfer to the transferee's detriment.[12]

---

[9] *Hardy v. Hangen*, 134 N.J. Eq. 176, 176 (Ch. 1943); *see also, Sutton v. Lienau*, 225 N.J. Super. 293 (App. Div. 1988)
[10] *Zwaska v. Irwin*, 52 N.J. Super. 27 (Ch. Div. 1958) (the statute of frauds was enacted for the protection of the party sought to be charged, and is not available to strangers to the agreement.)
[11] Certification of Andrea Dobin, Ex. A
[12] *N.J.S.A*. 25:1-11(a)(2)

Here, the Debtor was in possession of the property[13] and made thirty-one mortgage payments to Ms. Cook before defaulting. The Trustee dismisses that fact as insignificant, noting that the payments do not validate the Mortgage because the debtor was obligated to pay Cook under the terms of the note. The fatal flaw in the Trustee's argument is that the Mortgage Note[14] contained the exact same scrivener's error in the beginning of the document as the Mortgage. So, if the Trustee takes the position that Mr. Belotti was bound by the terms of a Mortgage Note, it must follow that he was also bound by the Mortgage. The court finds that Mr. Belotti's right to possession of the property coupled with his thirty-one mortgage payments satisfies *N.J.S.A.* 25:1-11(a)(2).

Alternatively, New Jersey's statute of frauds provides that even if a transaction does not satisfy the requirements of *N.J.S.A.* 25:1-11(a)(1) or (a)(2) it is still enforceable "as an agreement to transfer an interest in real estate under section 4 of this act."[15] That section, in turn, provides that an agreement is enforceable provided:

> A description of the real estate sufficient to identify it, the nature of the interest to be transferred, the existence of the agreement and the identity of the transferor and the transferee are proved by clear and convincing evidence.[16]

As previously noted, courts in New Jersey will consider multiple documents if collectively they contain the essential terms of the agreement.[17] In this case, the first two requirements are

---

[13] The trustee notes that there "is no evidence that, in fact, the Debtor ever occupied the Property." The court is not convinced that being "in possession" of a property and "occupying" a property are co-extensive terms. In ¶ 3 of the Trustee's complaint it states that "the Debtor is the record owner of the real estate commonly known as 471-C Thornbury Court, Lakewood …." The court finds that the debtor being the record owner of the property, as reflected by the Deed, is sufficient to regard him as have been placed "in possession."
[14] Certification of Michael D. Mezzacca, Ex. J
[15] *N.J.S.A.* 25:1-11(b)
[16] *N.J.S.A.* 25:1-13
[17] *Corigliano v. Fernicola*, 2006 WL 1042374, at *6 (N.J. Super. Ct. App. Div. Apr. 21, 2006) ("Statute of Frauds can be satisfied by a combination of documents, so long as they contain all the essential terms of the contract.")

satisfied by the Mortgage itself. The Mortgage contains a sufficient description of the real estate and describes the nature of the interest to be transferred. The next two requirements are readily ascertained by resort to various documents, recorded and unrecorded, that make up the totality of this real estate transaction. First, there is the Notice of Settlement that lists Gail Cook as the seller and Richard Belotti as the purchaser.[18] Next, there is the Deed that lists Gail Cook as the grantor and Richard Belotti as the grantee.[19] Next, there is the Mortgage[20] and the Mortgage Note[21] both of which contain Richard Belotti's name and signature where the name of the borrower should be. Next, there is the HUD-1 Uniform Settlement Statement that reflects the title transfer and the mortgage transaction and is signed by Gail Cook as seller and Richard Belotti as borrower.[22] Finally, there is the Affidavit of Title in which Richard Belotti affirms that he has been the sole owner of 471C Thornbury Court since October 29, 2009, and that he "now mortgage[s] this Property to Gail Cook for the sum of FIFTY SEVEN THOUSAND ONE HUNDRED FIFTY FOLLARS AND ZERO CENTS."[23] When viewed as a cohesive whole, these six documents amply satisfy the clear and convincing evidence standard for establishing that the parties intended to enter into a mortgage and that the Mortgage at issue was in fact from Richard Belotti to Gail Cook.

The same result would pertain under general contract principles. New Jersey courts have long recognized that "the cardinal rule in the interpretation of contracts, whether at law or in equity, is to ascertain and effectuate the common intention of the parties unless to do so

---

[18] Certification of Michael D. Mezzacca, Ex. B (recorded at Book 14430, Page 1003)
[19] Certification of Michael D. Mezzacca, Ex. C (recorded at Book 14478, Page 902)
[20] Certification of Andrea Dobin, Ex. A (recorded at Book 14478, Page 907)
[21] Certification of Michael D. Mezzacca, Ex. J
[22] Certification of Michael D. Mezzacca, Ex. I
[23] Certification of Michael D. Mezzacca, Ex. K (signed by Richard Belotti and notarized on October 29, 2009)

transgresses legal principles or public policy."[24] The intent of the parties to this transaction was unequivocally to grant a security interest in favor of Ms. Cook to secure the repayment of the purchase price. The equitable doctrine of scrivener's error permits a court to ignore a mistake in a written document when there is clear and convincing evidence that "a mistake has occurred and that the mistake does not reflect the intent of the parties."[25] As noted above, there is clear and convincing evidence in this case that the language in the recital portion of the Mortgage does not reflect the true intent of the parties, which was for Richard Belotti to grant a mortgage to Gail Cook.

The court finds that the Mortgage at issue is valid under *N.J.S.A.* 25:1-11(a)(1); 25:1-11(a)(2); and *N.J.S.A.* 25:1-13. Accordingly, the court will grant summary judgment against the Trustee and in favor of the defendants on Count One of the complaint.

Count Two – Avoiding Defective Mortgage

In Count Two of the Complaint, the Trustee seeks to avoid the Mortgage pursuant to 11 U.S.C. § 544(a)(3), which allows a trustee to stand in the shoes of a bona fide purchaser. A determination of whether the trustee qualifies as a bona fide purchaser must be made under New Jersey law.[26] The Trustee argues that notice of a facially invalid mortgage is not notice at all to a bona fide purchaser. Even if the court had not already found that the Mortgage is valid, the Trustee's position finds little support in New Jersey law. In New Jersey, a bona fide purchaser is charged with constructive knowledge of any instruments that would be disclosed in a reasonable search.[27] The Trustee acknowledges that the Mortgage was uncovered in her search, but cites to

---

[24] *Cooper v. Kensil*, 31 N.J. Super. 87, 91–92 (Ch. Div.), *aff'd*, 33 N.J. Super. 410 (App. Div. 1954)
[25] *Int'l Union v. Murata Ernie N. Am., Inc.*, 980 F.2d 889, 901 (3d Cir. 1992)
[26] *In re Bridge*, 18 F.3d 195, 200 (3d Cir. 1994)
[27] *Pearson v. DMH 2 Limited Liability Co.*, -- A.3d --, 2016 WL 7975454 (Ch. Div. Aug. 16, 2016)

*In re Evans*[28] for the proposition that a void lien is a legal nullity and that a bona fide purchaser would not be not be charged with knowledge of an interest that is void. The *Evans* case was interpreting Pennsylvania law. More importantly, the case is of little precedential value because the statement was dicta and was not supported by any analysis or legal citation. The *Evans* case has also never been cited by another court for that proposition of law. Notably, the Trustee has not cited a single New Jersey case that holds that a bona fide purchaser may ignore other documents in the chain of title if there is a defect in one.[29]

From very early on, New Jersey courts have taken the opposite approach. For example, in *Lee v. Woodworth*[30] the Chancery Court held that a "mortgage duly registered is notice to all the world, and if there be ambiguity on the face of it, it is sufficient to put subsequent purchasers upon enquiry." Likewise, the court in *Kellogg v. Randolph* stated that prospective purchasers "must be presumed to investigate the title and to examine every deed or instrument forming a part of it, especially if recorded. They must, therefore, be deemed to have known every fact so disclosed and every other fact which an inquiry suggested by those records would have led up to."[31] So, even if the Mortgage at issue were invalid, the existence of so many other documents[32] that point to the fact that a mortgage existed destroys the Trustee's bona fide purchaser status. The purpose of New Jersey's bona fide purchaser jurisprudence is to protect purchasers from

---

[28] *In re Evans*, 397 B.R. 744 (Bankr. W.D. Pa. 2008), *rev'd on other grounds*, 421 B.R. 193 (W.D. Pa. 2009)
[29] *Compare*, *In re Scott*, 44 B.R. 315 (Bankr. S.D. Ohio 2010) (a mistake in one instrument does not allow one to ignore another instrument in the chain of title)
[30] 3 N.J. Eq. 36, 37 (Ch. 1834)
[31] 71 N.J. Eq. 127, 129 (Ch. 1906)
[32] The Trustee correctly observes that for bona fide purchaser purposes she would not be held to knowledge of the Notice of Settlement as it pre-dates the Deed. Orr v. Musolino, 2014 WL 3528417 (Bankr. D.N.J. July 16, 2014)

secret interests such as unrecorded liens or latent equitable interests.[33] Here, there was nothing secret; all relevant documents were filed and indexed so as to be discoverable by a simple search.

In addition to the documents previously noted, a *lis pendens* was also filed. New Jersey's *lis pendens* statute provides:

> From and after the filing of a notice of lis pendens, any person claiming title to, interest in or lien upon the real estate described in the notice through any defendant in the action as to which the notice is filed shall be deemed to have acquired the same with knowledge of the pendency of the action, and shall be bound by any judgment entered therein as though he had been made a party thereto and duly served with process therein.[34]

The Trustee acknowledged that a *lis pendens* acts as constructive knowledge to all the world of the pendency of an action involving real property.[35] Nonetheless, the Trustee argues that a *lis pendens* does not create any legal rights, so its existence has no impact her bona fide purchaser status. In support of that argument, the Trustee cites to *In re Anderson*[36] in which the court permitted a trustee to avoid a mortgage under 544(a)(3) that had been improperly witnessed. The *Anderson* court held that "a party may not rely on the *lis pendes* doctrine to cure an otherwise fatal defect that exists in a party's interest in an item of property."[37] The court notes that the *Anderson* decision has not been followed by any court and is in direct conflict with two Sixth Circuit Bankruptcy Appellate decisions. Ultimately, that is academic because this court has already decided that the scrivener's error at issue here did not result in a fatal defect in the Mortgage and that fact precludes the Trustee from being a bona fide purchaser.

---

[33] *In re Bridge*, 18 F.3d 195 (3d Cir. 1994)
[34] *N.J.S.A.* 2A:15-7
[35] *Wendy's of South Jersey, Inc. v. Blanchard Mgmt Corp of New Jersey*, 170 N.J. Super. 491 (Ch. Div. 1982)
[36] 266 B.R. 128 (Bankr. N.D. Ohio 2001)
[37] *Id.* at 134

11

Conclusion

Summary judgment is granted against the Trustee on Count One and Count Two. Counsel for Gail Cook should submit an order in accordance with this opinion.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: April 11, 2017